**SEALED**

FILED
August 16, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:     MR
         Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Case No: SA:23-CR-00445-OLG

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v<br><br>(1) ADOLFO ANGEL ARRIAGA MEDRANO<br>(2) ISAAC RAY GONZALES<br><br>Defendants | **INDICTMENT**<br><br>**COUNT 1:** 18 U.S.C. §§ 922(a)(6) & 2<br>Falsified Information When Buying Firearms and Aiding & Abetting<br><br>**COUNT 2:** 18 U.S.C. §§ 554 & 2<br>Smuggling Goods from the United States and Aiding & Abetting<br><br>**COUNT 3:** 18 U.S.C. § 933<br>Trafficking of Firearms<br><br>**COUNT 4:** 18 U.S.C. § 933<br>Trafficking of Firearms<br><br>**COUNT 5:** 18 U.S.C. § 924(o)<br>Possession of Firearm in furtherance drug trafficking |

**THE GRAND JURY CHARGES:**

There exists in the Mexican states of Coahuila and Tamaulipas, the Western District of Texas, the Southern District of Texas and elsewhere, an organization which calls itself the Cartel De Noreste (CDN). The CDN is the successor cartel to the LOS ZETAS international drug cartel. The CDN is self-dedicated to the pursuit of organized criminal conduct principally through drug trafficking, extortion, weapons trafficking, and murder.

CDN remains a powerful drug trafficking organization operating out of Mexico, which funnels thousands of kilograms of cocaine, marijuana, methamphetamine, and other narcotics into the United States each year. The CDN is one of the largest drug cartels operating in Mexico

1

today, with their influence stretching from Central America through Mexico and into cities throughout the United States.  The organization is based in the city of Nuevo Laredo, Tamaulipas Mexico, and has had control over several other Mexican cities located on the United States-Mexico border, including Ciudad Acuna and Piedras Negras—both located in Coahuila, Mexico.  The large-scale drug trafficking of this organization generates hundreds of millions of dollars in revenues annually.

CDN is organized in a hierarchical structure with certain groups or cells operating in tiers of command.  CDN members purchase bulk quantities of narcotics and sell them abroad as well as to other non- CDN drug traffickers operating in Mexico.  In addition to those considered actual members of CDN, any large scale narcotics trafficker operating in a region controlled by CDN must support and associate with CDN or risk execution.

In order to control areas (plazas) like Nuevo Laredo, CDN employs cells of persons to acquire firearms used by the cartels to fight rivals, to fight law enforcement, to exact retribution on those who have lost drugs or crossed the cartel, to intimidate the public, to control governmental entities and other purposes.  These charges relate to a cell of persons performing this function for the cartel.  The cell acquires the weapons through any means necessary to include theft and straw purchases.  The types of weapons procured include high caliber military grade type weapons.

## COUNT 1
### [18 U.S.C. §§ 922(a)(6) & 2]

On or about February 11, 2023, in the Western District of Texas, Defendants,

**ADOLFO ANGEL ARRIAGA MEDRANO (1),
ISAAC RAY GONZALES (2)**

aided and abetted by each other, in connection with the acquisition of a firearm, to wit, a F.N. Scar

17S, 7.62 caliber rifle with serial number H1C14776, from Adelbridge & Co., a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Adelbridge & Co., located at 7080 San Pedro Avenue, San Antonio, Texas, which statement was intended and likely to deceive Adelbridge & Co. as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under chapter 44 of Title 18, in that **ISAAC RAY GONZALES** executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, stating he was the actual buyer of the firearm indicated on the Form 4473, when in fact as he then knew, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 2
**[18 U.S.C. §§ 554 & 2]**

On or about February 11, 2023, in the Western District of Texas, Defendant,

**ADOLFO ANGEL ARRIAGA MEDRANO (1),**
**ISAAC RAY GONZALES (2)**

aided and abetted by others, received and facilitated the sale of a firearm, to wit, a F.N. Scar 17S, 7.62 caliber rifle with serial number H1C14776, prior to exportation, knowing the firearm was intended for exportation contrary to Title 15, Code of Federal Regulations, Parts 736.2(b)(1), 774, & 738, Supplement 1, a law or regulation of the United States, all in violation of Title 18, United States Code, Sections 554(a) and 2.

## COUNT 3
**[18 U.S.C. § 933]**

On or about June 22, 2023, in the Western District of Texas, Defendant,

**ADOLFO ANGEL ARRIAGA MEDRANO (1),**

3

did receive from another person at least one firearm in or otherwise affecting interstate and foreign commerce, to wit, an Israel Weapon Ind- IWI (Israel Military Ind- IMI), model Tavor SAR, .223 caliber rifle, bearing serial number T0017480; a Rapid Fire, model RFG223, 7.62x39 mm rifle, bearing serial number RFG01473; a LWRC (Leitner Wise Rifle Company), model M6, 5.56mm belt-fed rifle, bearing serial number 35-09774; a Kimber, model Micro 9, 9mm handgun, bearing serial number SCB0022755; a Smith & Wesson, model M&P bodyguard 380, .380 auto caliber handgun, bearing serial number KEW5722; a Sig-Sauer, model P365, 9mm handgun, bearing serial number 66A038480; a Smith & Wesson, model SW40VE, .40 S&W caliber handgun, bearing serial number DXA0679; a Smith & Wesson, model SW9VE, 9mm handgun, bearing serial number RBT6358; a HS Produkt (IM Metal/Springfield), model Hellcat, 9mm handgun, bearing serial number BA493431; and a HS Produkt (IM Metal/Springfield), model Hellcat Pro, 9mm handgun, bearing serial number BB298283, knowing and having reasonable cause to believe that such receipt would constitute a felony, as defined in 18 U.S.C. § 932(a), or did attempt or conspire to do the same, in violation of 18 U.S.C. § 933(a).

<u>COUNT 4</u>
**[18 U.S.C. § 933]**

On or about February 11, 2023, in the Western District of Texas, Defendants,

**ADOLFO ANGEL ARRIAGA MEDRANO (1)** and
**ISAAC RAY GONZALES (2)**

did receive from another person a firearm in or otherwise affecting interstate and foreign commerce, to wit, to wit, a F.N. Scar 17S, 7.62 caliber rifle with serial number H1C14776, knowing and having reasonable cause to believe that such receipt would constitute a felony, as defined in 18 U.S.C. § 932(a), or did attempt or conspire to do the same, in violation of 18 U.S.C. § 933(a).

4

## COUNT 5
### [18 U.S.C. §§ 924(c)(1) and (o)]

Beginning on or about January 1, 2023, and continuing until the date of this indictment, in the Western District of Texas, the Republic of Mexico, and elsewhere, the Defendants,

**ADOLFO ANGEL ARRIAGA MEDRANO (1)** and
**ISAAC RAY GONZALES (2)**

knowingly combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury to commit offenses against the United States, that is, the **DEFENDANTS** conspired to possess firearms in furtherance of the drug trafficking crimes including conspiracy to possess controlled substances in violation of 21 U.S.C. §§846, 841(a)(1), the distribution of controlled substances under 21 U.S.C. §959, the conspiracy to import controlled substances in violation of 21 U.S.C. §§952 & 960(a)(1), and the possession with intent to distribute controlled substances in violation of 21 U.S.C. §841(a)(1), all contrary to Title 18, United States Code, Sections 924(c)(1) and (o).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

[*See* Fed. R. Crim. P. 32.2]

### I.
### Firearm Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 922(a)(6), 924(c)(1), (o), and 933 subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts One and Three through Five, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18

U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a) . . . of section 922 . . . or 933 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

## II.
## Firearm Violations and Forfeiture Statutes
**[18 U.S.C. § 933(a) subject to forfeiture pursuant to Title 18 U.S.C. § 934(a)(1)(A) and (B)]**

As a result of the criminal violations set forth in Counts Three and Four, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. Forfeiture and Fines.**
> **(a) Forfeiture. --**
>   **(1) In general**. -- Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law--
>     (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>     (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . .

## III.
## Smuggling Goods Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 554(a) subject to forfeiture pursuant to Title 19 U.S.C. § 1595a(d), and pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violation set forth in Count Two, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction pursuant to Title 19 U.S.C. § 1595a(d) and pursuant to Title 18 U.S.C. § 981(a)(1)(C), (through Title 18 USC. § 1956(c)(7)), both made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

6

**Title 19 U.S.C. § 1595a. Aiding unlawful importation**
**(d) Merchandise exported contrary to law**
Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

**Title 18 U.S.C. § 981. Civil forfeiture**
  **(a) (1)** The following property is subject to forfeiture to the United States:
             \*\*\*
  **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

The offense of smuggling goods from the United States as alleged in Count Two is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

## IV.
## Personal Property

This Notice of Demand for Forfeiture includes, but is not limited to, the following property:

1. Smith and Wesson model Bodyguard 380 pistol, .380 ACP caliber, bearing serial number KEW5722;
2. Springfield Armory model Hellcat Pro pistol, 9x19 mm caliber, bearing serial number BB298283;
3. Glock model 19 Gen 5 pistol, 9x19 mm caliber, bearing serial number BYUN964;
4. Israeli Weapon Industries model Tavor SAR rifle, .223 caliber, bearing serial number T0017408;
5. Rapid Fire model RFG223 rife, 7.62x39 mm caliber, bearing serial number RFG01473;
6. LWRC International model M6 rifle, 5.56x45 mm caliber, bearing serial number 35-09774;
7. Sig Sauer model P365 pistol, 9x19 mm caliber, bearing serial number 66A038480;
8. Smith and Wesson model SW9VE pistol, 9x19 mm caliber, bearing serial number RBT6358;
9. Kimber model Micro 9 pistol, 9x19 mm caliber, bearing serial number SCB0022755;
10. Smith and Wesson model SW40VE pistol, .40 caliber, bearing serial number DXA0679;
11. Springfield Armory model Hellcat pistol, 9x19 mm caliber, bearing serial number BA493431;
12. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

7

## V.
## Money Judgment

**Money Judgment:** A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Counts Two through Five for which each Defendant is solely liable.

## VI.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of the money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
FOR RUSSELL LEACHMAN
Assistant United States Attorney